892 F.2d 79
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
A.F. PLAZZO, Plazzo Insurance Services, Inc., Plaintiffs-Appellees,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant-Appellant,
Nationwide Mutual Fire Insurance, Company, et al.,
Defendants.
 No. 88-4016.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1989.
 
 Before KEITH and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant Nationwide Mutual Insurance Company appeals from the judgment of the district court holding that plaintiff-appellee, A.F. Plazzo, was an employee of Nationwide for the purposes of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. (ERISA). In keeping with this court's recent decision in Wolcott v. Nationwide Mutual Insurance Co., 884 F.2d 245 (6th Cir.1989), which held that a commissioned insurance agent was an independent contractor, not an employee for ERISA purposes, we reverse the judgment of the district court.
 
 FACTS
 
 2
 Between 1961 and 1983, A.F. Plazzo was an unsalaried insurance agent for Nationwide. Plazzo's relationship with Nationwide was governed by a series of agency agreements. Under the agreements, Plazzo was required to represent Nationwide exclusively. These agreements specifically stated that Plazzo was an independent contractor. As such, he was responsible for maintaining his own business, including providing his own office space and hiring his own employees. Nationwide paid Plazzo commission which was reported on IRS Form 1099 Self-Employment Statement. Plazzo prospered as a Nationwide agent. In 1980, he built his own office building and took his son into his business. In 1982, Plazzo formed a corporation, Plazzo Insurance Services, Inc. (PISI). As the principal for PISI, he arranged with Nationwide to terminate his agent's agreement in favor of a corporate agency agreement for PISI. In October 1983, Plazzo sued Nationwide in state court for the alleged breach of an oral contract to assign certain insurance policies to the Plazzo agency. Summary judgment was granted to Nationwide on this claim. In part due to this suit, Nationwide cancelled the agency agreement with PISI in December 1983.
 
 
 3
 Nationwide alleges that following cancellation of the agreement, the younger Plazzo, with his father's assistance, continued to sell insurance for other insurance companies from the same office they used while selling Nationwide insurance. In January 1984, PISI sent letters to many Nationwide policyholders previously serviced by the Plazzos, notifying them that PISI was an independent insurance agency and expressing a desire to retain their business. The Plazzos were very successful in switching Nationwide policyholders to their new lines of insurance.
 
 
 4
 The present dispute involves Plazzo's claim that Nationwide has withheld retirement benefits due him in violation of ERISA. Under the agency agreement, the Agent's Security Compensation Plan (ASCP) conditionally provided payments to agents following the cancellation of the agreement. The ASCP consisted of two parts, Extended Earnings and Deferred Compensation Incentive Credits (DCIC). Extended Earnings provided the agent with an amount equal to renewal commissions earned in the last twelve months of service upon his retirement, termination, disability, or death. Under DCIC, after the fifth year of service, the agent received credit annually for a percentage of earnings on renewals and new policies on certain types of insurance. To receive the ASCP payments, however, the agent could not directly or indirectly engage in the insurance business within a 25-mile radius of his Nationwide location during the first year following cancellation of the agreement or directly or indirectly induce Nationwide policyholders to cancel or replace their coverage. Due to the Plazzos' sale of other insurance lines and their efforts to induce Nationwide policyholders to change their policies to these new lines, Nationwide determined that Plazzo had failed to meet the conditions for ASCP payments. Plazzo filed suit under § 502(a) of ERISA which provides, inter alia, that a participant in an employee retirement plan may bring a civil action to enforce his rights under the plan or recover benefits under the plan. 29 USC § 1132(a)(1)(B). Plazzo argued that under the vesting provisions of ERISA, Nationwide cannot enforce the conditions for ASCP payments against him. The district court ruled in Plazzo's favor, and Nationwide appealed.
 
 ANALYSIS
 
 5
 ERISA's vesting provisions, 29 USC § 1053, are only applicable if: 1) Plazzo was an "employee" within the meaning of ERISA; 2) the ASCP is a "pension benefit plan" within the meaning of ERISA; and 3) the ASCP is not a "top hat plan" exempted from ERISA's vesting requirements. Wolcott v. Nationwide Mutual Insurance, 884 F.2d 245, 250 (6th Cir.1989); see 29 U.S.C. §§ 1132(a), 1002(2)(A), 1002(6), 1002(7), 1051(2). Unfortunately, ERISA's definition of "employee" is not enlightening. "Employee" is defined only as "any individual employed by an employer." 29 USC 1002(6). In Wolcott, supra, this court ruled that the common law rules of agency should be used in determining whether an individual is an employee for ERISA purposes. The criteria to be considered include:
 
 
 6
 1) the degree of control and supervision over the manner in which the work is performed; 2) whether or not the "employee" is engaged in his own business; 3) the company's right to hire and discharge the persons doing the work; 4) the method of compensation to the "employee"; 5) whether the "employee" receives the same benefits as the company's regular employees; 6) who has control of the premises where the work is done; 7) how the parties structure their Social Security and income relations; 8) whether the "employee" stands to make a profit on the work of those working for him; 9) the amount of the "employee's" investment in facilities and equipment; 10) the belief of the parties as to their business relationship; 11) the amount of skill required in the particular occupation; and 12) the duration of time for which the "employee" is employed. (Citations omitted).
 
 
 7
 Wolcott, 884 F.2d at 251. See Restatement (Second) of Agency § 220(2) (1958). Although the district court applied similar common law criteria, in light of Wolcott we cannot agree with its finding that Plazzo was an employee of Nationwide for the purposes of ERISA.
 
 
 8
 The facts of Wolcott are very similar to this case. Wolcott was a commissioned agent with Nationwide for twenty years. A dispute arose because Wolcott's wife and daughter sold competing lines of insurance from Wolcott's office. Nationwide cancelled Wolcott's agency agreement. After cancellation, Wolcott joined his wife and daughter in selling the other lines of insurance from the same office he used to sell Nationwide insurance. Due to these events, Nationwide refused to distribute Wolcott's ASCP payments because he had violated the noncompetition clause of the agency agreement. Wolcott sued alleging a violation of ERISA. The district court granted summary judgment for Wolcott. This court reversed, holding that Wolcott was an independent contractor rather than an employee of Nationwide, and therefore was not entitled to ERISA's vesting protections. In making its determination, this court noted that Wolcott owned his own office condominium, exercised managerial skill in his business, hired his own employees, paid most of his expenses, and maintained his own Keogh retirement plan. Additionally, Wolcott was paid commission, reported to the IRS that he was self-employed, and was not eligible for regular employee benefits such as vacation or sick leave.
 
 
 9
 The facts of the present case are virtually indistinguishable from Wolcott. Plazzo owned and maintained his own office building. He exercised managerial skill in operating his business. He hired, paid, and established a health insurance plan for his employees. He maintained bank accounts to pay the monthly expenses of operating his business. He was paid on a commission basis and reported to the IRS that he was self-employed. He maintained his own Keogh retirement plan. Thus, we conclude that Plazzo, like Wolcott, was an independent contractor, not an employee for the purposes of ERISA. Accordingly, the judgment of the district court is reversed.